## CLAWSON and Another *v.* LOWRY.

Debt on a promissory note. Pleas, fraud and failure of consideration. The defendant offered in evidence, on the trial, an advertisement by the plaintiff for the private sale of certain real estate, for a part of the price of which the note sued on had been given. The advertisement represented the land as containing a coal bank, &c., and had been inserted in a newspaper published in the county in which the land was situate. There was no proof of the publication of the advertisement except in *December*, 1838; and the purchase of the land was not made until *April*, 1840; nor did it appear that the advertisement had been ever seen by the defendant. *Held*, that the advertisement, under the circumstances, was inadmissible as evidence.

A party may introduce his evidence in the order he prefers, provided there is reason to suppose that the evidence offered is connected with the cause.

ERROR to the *Warren* Circuit Court.

May Term, 1844.

BLACKFORD, J.—*Lowry* brought an action of debt on a promissory note against the makers. Pleas, fraud in obtaining the note, and failure of consideration. Replications in denial of the pleas. Verdict and judgment for the plaintiff for the amount of the note.

CLAWSON
v.
LOWRY.

The defendants offered in evidence, on the trial, an advertisement by the plaintiff for the private sale of certain real estate, for a part of the price of which the note sued on had been given. The advertisement represented the land as containing a coal bank, &c., and had been inserted in a newspaper published in the county in which the land was situate. There was no proof of the publication of the advertisement except in *December*, 1838; and the purchase of the land was not made until *April*, 1840; nor did it appear that the advertisement had been ever seen by the defendants. Under these circumstances, the advertisement was objected to as evidence and rejected.

*Tuesday, June 4.*

There was no error in rejecting this evidence. Such a long time had elapsed from the time of the advertisement to that of the purchase, that there was no reason to suppose, in the absence of all testimony on the subject, that the advertisement had formed any part of the contract. The testimony was therefore inadmissible on the ground of irrelevancy.

The defendants say they had a right to introduce their evidence in the order they preferred; and that is no doubt true, provided there is reason to suppose that the evidence offered is connected with the cause; but when, as in this case, there is no ground for such a supposition, the evidence must be rejected.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*D. Brier* and *R. C. Gregory*, for the plaintiffs.

*R. A. Chandler*, for the defendant.